# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1021 | **DATE** | February 22, 2008 |
| **CASE TITLE** | Tobias G. Payton (#2007-2477) vs. Michael Zolecki, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.67 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Will County Jail. The complaint is dismissed on initial review as to Michael O'Leary and Will County pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service on defendants Zolecki, Alvarado, Brooks, Demasi, Kaupas, and Parker by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate at the Will County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers and medical technicians at the jail, violated the plaintiff's constitutional rights by using unjustified force against him. More specifically, the plaintiff alleges that the defendants viciously attacked him, beating, Tasering and macing him, when the non-resistant plaintiff simply complained about the perceived mistreatment of his brother.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.67. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action against the officers who allegedly attacked him. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. *See, e.g., Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998), *citing Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). While a more fully developed record may belie the plaintiff's allegations, defendants Zalecki, Alvarado, Brooks, Demasi, Kaupas, and Parker must respond to the complaint.

However, the complaint is dismissed on initial review as to Warden O'Leary and Will County pursuant to 28 U.S.C. § 1915(e)(2)(B). To be liable under 42 U.S.C. § 1983, a defendant must have direct, personal involvement in the alleged constitutional violation. *See, e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The mere fact that O'Leary is the Warden of the Will County Jail is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. In this case, nothing in the complaint suggests the warden's personal involvement–or even awareness–of the events giving rise to this lawsuit. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at O'Leary's direction or with his knowledge and consent. *Id.* Accordingly, O'Leary is dismissed as a defendant in this matter.

For essentially the same reasons, the complaint is dismissed as to Will County. [A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* The policy or custom must be the "moving force" behind the alleged constitutional deprivation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, there is no allegation of an unconstitutional municipal policy or custom. Consequently, the plaintiff may proceed only against the individual officers who allegedly assaulted him.

The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve defendants Zolecki, Alvarado, Brooks, Demasi, Kaupas, and Parker. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Will County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes **(CONTINUED)**

**STATEMENT (continued)**

of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied at this time, without prejudice. The plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).