# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1021 | **DATE** | 3/20/2008 |
| **CASE TITLE** | Tobias G. Payton (#2007-2477) vs. Michael Zolecki, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's request for appointment of counsel [#8] is denied at this time. The Clerk is directed to mail the plaintiff another copy of the court's filing instructions.

■ **[For further details see text below.]**　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　The plaintiff, an inmate at the Will County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officers and medical technicians at the jail, violated the plaintiff's constitutional rights by using unjustified force against him. More specifically, the plaintiff alleges that the defendants viciously attacked him, beating, Tasering and macing him when the non-resistant plaintiff simply complained about the perceived mistreatment of his brother.

　　The plaintiff has written two undated letters to the Clerk of Court. In one, the plaintiff seeks to compel the defendants to consent to proceed before a magistrate judge. However, such consent is entirely voluntary. If the defendants do not agree to have this case heard by a magistrate judge, they cannot be forced to do so.

　　In his second letter, the plaintiff asks the court to reconsider appointing counsel. The request is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of*
**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　mjm

**STATEMENT (continued)**

*McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has still failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time.

Finally, the plaintiff is once again reminded of the court's basic filing requirements: (1) letters to the court are not permitted; any requests for court action must be made by motion (such as "motion for appointment of counsel"); (2) the plaintiff must provide the court with the original plus a judge's copy of every document filed; and (3) every document filed must include a certificate of service showing that a copy was mailed to opposing counsel, once a defense attorney enters an appearance. The Clerk will provide the plaintiff with another copy of the court's filing instructions. In the future, the court may strike without considering any document filed that fails to comport with these basic rules.