

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

_____
(DISTRICT)

## Waiver of Service of Summons

TO: Tobias G. Payton
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Renee Parker, acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Tobias G. Payton vs. Michael Zolecki, et al.
(CAPTION OF ACTION)

which is case number 08C1021 in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois.
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after February 26, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____        _____
DATE                              SIGNATURE

Printed/Typed Name: _____

As _____ of _____
   TITLE                            CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

```
CASE NUMBER. 016 2008-C -001021    001      WILL COUNTY SHERIFF'S OFFICE
--------------------------------------------============== ATTORNEY ==============
                                             FRANK KRUCHTEN
TOBIAS G PAYTON                              US MARSHALL
    -VS-                                     CHICAGO, IL
RENEE PARKER
                                             (312) 617-1855
=========== DESCRIPTION ============    ========= ATTEMPTED SERVICES =========
                                          DATE        TIME        BADGE #
SUMMONS & COMPLAINT

ISSUED: 5/12/08    EXPIRES:  5/26/08
FEES:    0.00      EVC/DEP:

======== PERSON TO BE SERVED =========

RENEE PARKER, CORRECTIONAL OFFICER    NOTES:
WILL COUNTY ADULT DETIONTION F
JOLIET, IL 60432
```

FILED

MAY 27 2008

May 27, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I CERTIFY THAT I HAVE SERVED THE ATTACHED PROCESS ON THE DEFENDANT AS FOLLOWS:

(A) ✓ PERSONAL SERVICE: BY LEAVING A COPY OF THE ✓ SUMM/COMP ___ CITATION
       ___ RULE ___ ORDER ___ SUBPEONA ___ NOTICE ___ JUDGEMENT
       ___ SUMMONS/PETITION FOR ORDER OF PROTECTION ___ ORDER OF PROTECTION.
       ___ CIVIL NO-CONTACT ORDER.

(B) ___ SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE ___ SUMM/COMP ___ CITATION
       ___ NOTICE ___ JUDGEMENT ___ ORDER OF POSSESSION AT THE USUAL PLACE OF
       ABODE WITH SOME PERSON OF THE FAMILY 13 YEARS OR OLDER AND INFORMING
       SAID PERSON OF THE CONTENTS. ALSO, A COPY OF THE WRIT WAS MAILED TO
       THE DEFENDANT AT HIS/HER USUAL PLACE OF ABODE ON _____.(date)

(C) ___ SERVICE ON: ___ CORPORATION ___ COMPANY ___ BUSINESS by leaving a
       COPY OF THE ___ SUMM/COMP ___ CITATION ___ RULE ___ ORDER ___ NOTICE
       ___ JUDGEMENT ___ SUBPOENA WITH THE REGISTERED AGENT, AUTHORIZED PERSON
       OR PARTNER OF THE DEFENDANT.

(D) ___ OTHER SERVICE: ___ CERTIFIED MAIL ___ POSTING

(E) ___ THE NAMED DEFENDANT WAS NOT SERVED:
       ___ MOVED ___ NOT LISTED ___ RETURNED BY ATTY. ___ EXPIRED
       ___ NO CONTACT ___ NO SUCH ADDRESS ___ DECEASED ___ OTHER REASON

PERSON TO BE SERVED: Renae Parker
SERVING ADDRESS: 95 S. Chicago Joliet
WRIT SERVED ON: Renae Parker      RELATIONSHIP: self
          SEX ___ (M/F)  RACE B   DOB 49
THIS 14 DAY OF May  20 08  TIME 1530 HOURS
PAUL J. KAUPAS, SHERIFF, BY _____  DEPUTY # 237

REMARKS: _____

GMM81331001