IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOBIAS G. PAYTON,<br>    Plaintiffs, | )<br>)<br>) | No. 08 cv 1021 |
| v. | )<br>) | Judge Blanche M. Manning |
| MICHAEL ZOLEKI, GABRIEL ALVARADO, JARED BROOKS, JAMES DEMASI, PAUL J. KAUPAS, RENEE PARKER, MICHAEL F. O'LEARY, COUNTY OF WILL,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Magistrate Judge<br>Michael T. Mason |

## DEFENDANT SHERIFF PAUL KAUPAS' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Paul J. Kaupas, as Sheriff of Will County, through his undersigned attorneys, and in support of his Motion to Dismiss Plaintiff's Complaint as to him, states as follows:

### INTRODUCTION

There is no allegation that Sheriff Kaupas had any direct or personal involvement in the alleged constitutional violations. Therefore, he can have no personal liability under § 1983. Moreover, the mere fact that Sheriff Kaupas is the Sheriff of Will County is insufficient to establish liability under the doctrine of *respondeat superior* in a civil rights action under § 1983. Consequently, Sheriff Paul Kaupas should be dismissed with prejudice from the Complaint.

### STANDARD OF DISPOSITION

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept all well pleaded allegations as true and view those allegations in the light most favorable to the plaintiff. *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). District courts review complaints pursuant to a liberal pleading standard. *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 165, 113 S. Ct. 1160, 1161-62 (1993).

1

Thus, a district court will dismiss a complaint only when it appears that no relief could be granted under any set of facts consistent with the allegations in the complaint. *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997).

## FACTS

Plaintiff is an inmate in the Will County Adult Detention Facility and has brought a *pro-se* civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that certain correctional officers violated his constitutional rights by using excessive and unjustifiable force against him. There is no allegation in the complaint that Sheriff Kaupas was present at the time of the alleged occurrence, that Sheriff Kaupas in any manner participated in the alleged occurrence, had knowledge of the alleged occurrence, directed the alleged occurrence or consented to the alleged occurrence.

## ARGUMENT

The Court dismissed Warden O'Leary as a defendant in this case pursuant to 28 U.S.C. §1915(e)(2)(B). (Docket No. 6, Order of Feb. 22, 2008. A copy of this Order is attached as Ex. A.) The reasons the Court dismissed Warden O'Leary from this case are the very reasons why the Court should dismiss Sheriff Kaupas as a defendant in this case; namely, no allegations of personal participation and no possibility of *respondeat superior* liability under 42 U.S.C. §1983.

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation . . ." *Sheik-Abdi v. McClellan*, 37 F. 3d 1240, 1248 (7th Cir. 1994). To satisfy this personal responsibility requirement of §1983, the defendant must have participated or caused the constitutional deprivation to occur at his direction or with his knowledge or consent. *Smith v. Rowe*, 761 F. 2d 360, 369 (7th Cir. 1985). In other words, the

defendant "must know about the conduct and facilitate it, approve it, condone it or turn a blind eye . . ." *Jones v. City or Chicago*, 856 F. 2d 985, 992 (7th Cir. 1988).

Here Plaintiff has not alleged, and cannot allege, that Sheriff Kaupas participated in the alleged constitutional deprivation, directed it, approved it, consented to it, had knowledge of it or turned a blind eye to it.

Moreover, the mere fact Sheriff Kaupas is the Sheriff of Will County is insufficient to state a cause of action against him for § 1983. The doctrine of *respondeat superior* is inapplicable to § 1983 causes of action. *Riordan v. Kempiuers*, 831 F. 2d 690, 695 (7th Cir. 1987).

Consequently, because no relief could be granted under any set of facts consistent with the allegations in the complaint, *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997), Sheriff Kaupas should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant Paul J. Kaupas, respectfully requests the Court dismiss Plaintiff's Complaint against him with prejudice and for such further and additional relief as the Court deems just.

Respectfully submitted,<br>
Sheriff Paul J. Kaupas, Sheriff of Will County<br>
<br>
By: _____<br>
One of his Attorneys

Martin W. McManaman
Joan M. Kubalanza
Justin C. Doolittle
Lowis & Gellen LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500
244703_1.DOC

## CERTIFICATE OF SERVICE

The undersigned, non-attorney, certifies under penalties as provided by law pursuant to 28 U.S.C. §1746 that Defendant Sheriff Paul Kaupas' Memorandum of Law in Support of his Motion to Dismiss was served upon the below addressee by placing same in the U.S. Mail, first class postage prepaid, at 200 W. Adams Street, Chicago, Illinois, on or before 5:00 p.m. on June 2, 2008.

Tobias G. Payton
#2477
Will County – WCF
95 South Chicago Street
Joliet, Illinois 60436

*/s/ JoEllen M. Daufer*