IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOBIAS G. PAYTON,<br>　　　Plaintiffs,<br><br>v.<br><br>MICHAEL ZOLEKI, GABRIEL ALVARADO, JARED BROOKS, JAMES DEMASI, PAUL J. KAUPAS, RENEE PARKER, MICHAEL F. O'LEARY, COUNTY OF WILL,<br>　　　Defendants. | No. 08 cv 1021<br><br>Judge Blanche M. Manning<br><br>Magistrate Judge<br>Michael T. Mason |

### DEFENDANT RENEE PARKER'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

Defendant Renee Parker, through her undersigned attorneys, and in support of her Motion to Dismiss Plaintiff's Complaint as to her, states as follows:

### INTRODUCTION

There is no allegation that Defendant Parker had any direct or personal involvement in the alleged constitutional violations. Therefore, she can have no personal liability under § 1983. Consequently, Defendant Parker should be dismissed with prejudice from the Complaint.

### STANDARD OF DISPOSITION

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court must accept all well pleaded allegations as true and view those allegations in the light most favorable to the plaintiff. *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). District courts review complaints pursuant to a liberal pleading standard. *Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 165, 113 S. Ct. 1160, 1161-62 (1993). Thus, a district court will dismiss a complaint only when it appears that no relief could be

granted under any set of facts consistent with the allegations in the complaint. *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997).

## FACTS

Plaintiff is an inmate in the Will County Adult Detention Facility and has brought a *pro-se* civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that certain correctional ERT's violated his constitutional rights by using excessive and unjustifiable force against him. There is no allegation in the complaint that Defendant Parker was present at the time of the alleged occurrence, that Defendant Parker in any manner participated in the alleged occurrence, directed the alleged occurrence or consented to the alleged occurrence.

## ARGUMENT

The Court dismissed Warden O'Leary as a defendant in this case pursuant to 28 U.S.C. §1915(e)(2)(B). (Docket No. 6, Order of Feb. 22, 2008. A copy of this Order is attached as Ex. A.) The Court dismissed Warden O'Leary because there were no allegations of personal participation. The Court should dismiss Defendant Parker for the same reason, no allegation of personal participation.

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation . . ." *Sheik-Abdi v. McClellan*, 37 F. 3d 1240, 1248 (7th Cir. 1994). To satisfy this personal responsibility requirement of §1983, the defendant must have participated or caused the constitutional deprivation to occur at his direction or with his knowledge or consent. *Smith v. Rowe*, 761 F. 2d 360, 369 (7th Cir. 1985).

The only mention of Defendant Parker in the Complaint is that she responded to the initial altercation in A-Pod between Xavier Payton and Carl Bailey. (See Complaint, Pg. 4,

2

attached as Ex. B). All allegations of excessive force, and thus constitutional deprivation, involve alleged actions by "ERTs," the majority of which took place in D-Pod. Plaintiff does not allege in the Complaint that Defendant Parker was even in D-Pod at the time of the alleged constitutional deprivation.

Consequently, because no relief could be granted under any set of facts consistent with the allegations in the complaint, *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997), Defendant Parker should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant Renee Parker, respectfully requests the Court dismiss Plaintiff's Complaint against her with prejudice and for such further and additional relief as the Court deems just.

Respectfully submitted,

RENEE PARKER

By: /s/
One of her Attorneys

Martin W. McManaman
Joan M. Kubalanza
Justin C. Doolittle
Lowis & Gellen LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500
254788_1.DOC

## CERTIFICATE OF SERVICE

The undersigned, non-attorney, certifies under penalties as provided by law pursuant to 28 U.S.C. §1746 that Defendant Renee Parker's Memorandum of Law in Support of her Motion to Dismiss was served upon the below addressee by placing same in the U.S. Mail, first class postage prepaid, at 200 W. Adams Street, Chicago, Illinois, on or before 5:00 p.m. on June 2, 2008.

Tobias G. Payton
#2477
Will County – WCF
95 South Chicago Street
Joliet, Illinois  60436

_/s/ Jo Ellen M. Saufley_