**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TOBIAS G. PAYTON, | ) No. 08 cv 1021 |
| Plaintiff, | ) |
| | ) Judge Blanche M. Manning |
| v. | ) |
| | ) Magistrate Judge |
| MICHAEL ZOLECKI, GABRIEL ALVARADO, JARED | ) Michael T. Mason |
| BROOKS, JAMES DEMASI, PAUL J. KAUPAS, | ) |
| RENEE PARKER, MICHAEL F. O'LEARY, COUNTY | ) |
| OF WILL, | ) |
| Defendants. | ) |

**DEFENDANT KAUPAS' MEMORANDUM OF LAW IN SUPPORT OF HIS**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Paul J. Kaupas, as Sheriff of Will County, through his undersigned attorneys, and in support of his Motion to Dismiss Plaintiff's Amended Complaint as to him, states as follows:

**INTRODUCTION**

Plaintiff filed his first Complaint on February 19, 2008. This Court, *sua sponte*, dismissed Defendants O'Leary and Will County on February 22, 2008, for lack of personal involvement on behalf of O'Leary and no allegation of a widespread custom or practice by Will County. Plaintiff filed an Amended Complaint on June 30, 2008.[1] In the Amended Complaint, Plaintiff renames Defendant O'Leary, and adds Defendants Nudera and McDowell.[2] Plaintiff continues to attempt to hold Sheriff Kaupas liable for his alleged constitutional violations even though there is no allegation that Sheriff Kaupas had any direct or personal involvement in any alleged actions toward Plaintiff. Therefore, he can have no personal liability under §1983.

---

[1] Plaintiff filed an Amended Complaint on June 12, 2008, and another on June 30, 2008. Both complaints were identical, except the June 30, 2008, complaint contained attached documents.

[2] Although they have not yet been served, Warden Michael O'Leary, Deputy Chief Jerry Nudera, and Deputy Chief John McDowell should be dismissed for the same reasons as Sheriff Kaupas, lack of personal involvement.

1

Moreover, the mere fact that Sheriff Kaupas is the Sheriff of Will County is insufficient to establish liability under the doctrine of *respondeat superior* in a civil rights action under §1983. Consequently, Sheriff Kaupas should be dismissed with prejudice from the Amended Complaint.

## STANDARD OF DISPOSITION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint and not to decide the merits of the challenged claim. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n.1 (7th Cir. 1996). To be sufficient, the complaint must describe the claim in enough detail to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly* , ___ U.S. ___, 127 S.Ct. 1955, 1964 (2007). A complaint provides sufficient description when the factual allegations indicate that it is plausible, rather than merely speculative, that he is entitled to relief. *Bell Atl. Corp.*, 127 S.Ct. at 1965; *Equal Employment Opportunity Comm'n v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## FACTS

Plaintiff is an inmate in the Will County Adult Detention Facility and has brought a *pro se* civil rights action pursuant to 42 U.S.C. §1983. The Plaintiff alleges that certain correctional officers violated his constitutional rights by using excessive and unjustifiable force against him. There is no allegation that Sheriff Kaupas was present at the time of the alleged occurrence, that Sheriff Kaupas in any manner participated in the alleged occurrence, had knowledge of the alleged occurrence, directed the alleged occurrence or consented to the alleged occurrence.

## ARGUMENT

The Court, *sua sponte*, dismissed Warden O'Leary as a defendant pursuant to 28 U.S.C. §1915(e)(2)(B). (Docket No. 6, Order of Feb. 22, 2008. A copy of this Order is attached as Ex.

A.) The reasons the Court dismissed Warden O'Leary are the very reasons why the Court should dismiss Sheriff Kaupas; namely, no allegations of personal participation and no possibility of *respondeat superior* liability under 42 U.S.C. §1983.

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation . . ." *Sheik-Abdi v. McClellan*, 37 F. 3d 1240, 1248 (7th Cir. 1994). To satisfy this personal responsibility requirement, the defendant must have participated or caused the constitutional deprivation to occur at his direction or with his knowledge or consent. *Smith v. Rowe*, 761 F. 2d 360, 369 (7th Cir. 1985). For officials to be held liable for the conduct of their subordinates, supervisors must have been personally involved in that conduct. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable, because negligence is not culpable under §1983 claims. *Jones*, 856 F.2d at 992. In other words, the defendant "must know about the conduct and facilitate it, approve it, condone it or turn a blind eye . . ." *Id*. There must be some casual connection or affirmative link between the action complained about and the official sued to recover §1983. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).

Here, Plaintiff has not alleged, and cannot allege, that Sheriff Kaupas participated in the alleged constitutional deprivation, directed it, approved it, consented to it, had knowledge of it or turned a blind eye to it. There are no casual connections or affirmative links between the alleged excessive force used against Plaintiff and Defendant Kaupas. In fact, Plaintiff's allegations against Sheriff Kaupas only address actions or inactions that took place after the alleged incident. (See Amended Complaint).

Moreover, the mere fact Sheriff Kaupas is the Sheriff of Will County is insufficient to state a cause of action against him for §1983. The doctrine of *respondeat superior* is inapplicable to §1983 causes of action. *Riordan v. Kempiuers*, 831 F. 2d 690, 695 (7th Cir. 1987).

Consequently, because Plaintiff's Amended Complaint fails to state a claim upon which relief could be granted as to Sheriff Kaupas, Sheriff Kaupas should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant Paul J. Kaupas respectfully requests the Court dismiss Plaintiff's Amended Complaint against him with prejudice and for such further and additional relief as the Court deems just.

Respectfully submitted,
Sheriff Paul J. Kaupas

By: _____
One of his Attorneys

Martin W. McManaman
Joan M. Kubalanza
Justin C. Doolittle
Lowis & Gellen LLP
200 West Adams Street
Suite 1900
Chicago, Illinois 60606
312-364-2500
260086_1.DOC

4

CERTIFICATE OF SERVICE

The undersigned, non-attorney, certifies under penalties as provided by law pursuant to 28 U.S.C. §1746 that Defendant Sheriff Paul Kaupas' Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Amended Complaint was served upon the below addressee by placing same in the U.S. Mail, first class postage prepaid, at 200 W. Adams Street, Chicago, Illinois, on or before 5:00 p.m. on July 25, 2008.

Tobias G. Payton
#2477
Will County – WCF
95 South Chicago Street
Joliet, Illinois  60436

Tobias G. Payton
R-10454
Stateville - STV
P.O. Box 112
Joliet, IL 60434